UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| PRAKTIKA DESIGN & PROJECTOS LTDA., | Civil No. 06-957 (JRT/RLE) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS |
| MARVIN LUMBER AND CEDAR COMPANY, d/b/a Marvin Windows and Doors, and MARVIN WINDOWS OF TENNESSEE, INC., | |
| Defendants. | |

Joan M. Quade and Karen K. Kurth, **BARNA GUZY & STEFFEN**, 200 Coon Rapids Boulevard, Suite 400, Coon Rapids, MN 55433-5894, for plaintiff.

Michael E. Obermueller, **WINTHROP & WEINSTINE**, 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402-4629, for defendants.

Plaintiff Praktika Design & Projectos Ltda. is a Brazilian business entity engaged in the business of selling, installing, and repairing window and door products in Brazil. Defendants manufacture and sell a wide range of window and door products. Plaintiff entered into a contract with defendants whereby plaintiff sold, installed, and repaired defendants' products in Brazil. Plaintiff filed this lawsuit against defendants, seeking damages related to costs that plaintiff incurred in making repairs to defendants' products. This matter is currently before the Court on defendants' motion to dismiss. For the reasons explained below, the Court grants in part and denies in part defendants' motion.

The motion is granted with respect to the misrepresentation and negligence claims but is denied in all other respects.

## BACKGROUND

In April 1996, Marvin Lumber and Cedar Company, and Marvin Windows of Tennessee (collectively "defendants") entered into a contract with plaintiff Praktika Design & Projectos Ltda. Under this contract, plaintiff sold, installed, and repaired Marvin windows and doors to homeowners in Brazil from April 1996 through 2005.

In 2002, plaintiff began receiving complaints from its customers about "rotten wood" on Marvin windows and doors. In 2003, plaintiff began fixing the reported problems. Plaintiff collected documentation related to the problems and discussed the problem with defendants. Plaintiff alleges that defendants repeatedly promised to cover the costs of the repairs. As of August 2005, plaintiff alleges that it had spent $169,505 to repair problems with defendants' products reported by 40 customers. Plaintiff expects the future repair costs to exceed $700,000.

The parties dispute who is responsible for the repairs under the contract. The contract states in relevant part:

> 6. Customer Complaints. Representative [plaintiff] agrees to immediately report to the Manufacturer [defendants] any customer complaints and investigate and report on any customer complaints concerning Products sold within the Territory. Representative shall inspect each shipment and report any damage or missing units and/or parts within 10 days of customs clearance of said shipment. Further, Representative agrees to establish a professional field service capability to address and resolve product failures, installation and ordinary and necessary repairs all consistent with the terms of applicable representations and warranties of the Manufacturer.

On March 21, 2006, plaintiff commenced this action against defendants seeking damages related to costs incurred in making repairs, and seeking to recover future repair and replacement costs.

## ANALYSIS

### I.   STANDARD OF REVIEW

In reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true, and construes the pleadings in a light most favorable to plaintiff, as the non-moving party. *See, e.g., Bhd. of Maint. of Way Employees v. Burlington N. Santa Fe R.R.*, 270 F.3d 637, 638 (8th Cir. 2001). A motion to dismiss a complaint should not be granted unless it appears beyond a doubt that plaintiff can prove no set of facts that would entitle plaintiff to relief. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994).

### II.  STATUTE OF LIMITATIONS

Defendants argue that plaintiff's claims must be dismissed because they are time barred under Minnesota law. The parties dispute which statute of limitations applies to plaintiff's claims. Section 541.051 provides a two-year statute of limitations that begins to run upon discovery of the injury, but it applies only in situations where there are "damages . . . arising out of the defective and unsafe condition of an improvement to real property." Minn. Stat. § 541.051, subd. 1(a). The Court has found no case law holding that section 541.051 applies in the situation here, which is a contract primarily for the

sale of goods between merchants. *See Housing & Redevelopment Auth. v. Agassiz Constr.*, 476 N.W.2d 781, 785 (Minn. Ct. App. 1991) ("We note further that where the sale of goods is the predominant purpose of a sales contract, the UCC governs all breach of warranty claims which arise from that sale of materials even though those materials are later used to improve real estate."). As such, the Court concludes that section 541.051 does not apply to plaintiff's claims.

The Court concludes that Minnesota Statute Section 336.2-725 applies to plaintiff's claims. Section 336.2-725(1) provides that an "action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." Minn. Stat. § 336.2-725(1). The statute also provides that a "breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." *Id.* at § 336.2-725(2).

Here, there is a warranty that explicitly extends to future performance of goods. The windows sold by defendants come with a ten-year warranty, and defendants allegedly made representations to plaintiff regarding the suitability of their products for the coastal climate of Brazil. As such, the cause of action could accrue when the "breach is or should have been discovered," but the record must be developed before the Court can determine when the statute of limitations began to run. Specifically, a fact dispute remains as to when plaintiff discovered the alleged breach, and as to whether the goods were defective at the time of tender (which would likely mean that plaintiff should have

discovered the breach at that time). At this stage of the litigation, the Court cannot conclude that plaintiff's claims are time barred under section 336.2-725, and the Court therefore denies defendants' motion to dismiss on this ground.

### III.  IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS

Defendants argue that plaintiff's claims of breach of the implied warranties of merchantability and fitness are barred by the express terms of the contract. The contract states, "No other prior contracts, warranties, promises or representations, either oral or written, relating to this Agreement shall be binding upon either party." Ex. A to Compl. ("Contract") at ¶ L.2.

"[T]o exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous." Minn. Stat. § 336.2-316(2). The contract does not mention merchantability, and there is no conspicuous exclusion of either implied warranty. Indeed, the contract provision at issue is one sentence in the middle of a five-sentence paragraph, toward the end of a seven-page contract. Neither does the contract fall within the exception to this statutory provision, which states that "all implied warranties are excluded by expressions like 'as is,' 'with all faults' or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty." Minn. Stat. § 336.2-316(3). The contract does not

make "plain" that there is no implied warranty because it does not use any of these common expressions and does not mention implied warranties specifically.

Accordingly, the Court denies defendants' motion to dismiss on these claims.

## IV.   BREACH OF CONTRACT

Defendants argue that the contract terms are "unambiguous" with respect to plaintiff's responsibility to bear the costs of repairing defective Marvin products. A contract is ambiguous if, based upon its language alone, it is reasonably susceptible to more than one interpretation. *Art Goebel, Inc. v. N. Suburban Agencies, Inc.*, 567 N.W.2d 511, 515 (Minn. 1997). The determination of ambiguity is a question of law. *Id.* The interpretation of an ambiguous contract is a question of fact, if the interpretation requires extrinsic evidence. *Turner v. Alpha Phi Sorority House*, 276 N.W.2d 63, 66 (Minn. 1979).

The contract states, "Representative agrees to establish a professional field service capability to address and resolve product failures, installation and ordinary and necessary repairs all consistent with the terms of applicable representations and warranties of the Manufacturer." Contract at ¶ E.6. The contract also states that plaintiff's "sole and entire compensation for performing Representative's obligations under and during the term of this Agreement" is the receipt of the "percentage commission." Contract at ¶ F.1.

While defendants argue that these contract provisions unambiguously provide that plaintiff must bear the costs of repairing defective Marvin products, plaintiff offers a competing interpretation. Plaintiff asserts that the contract simply provides that plaintiff

will bear the expense of establishing a "professional field service capability" that can address warranty claims by customers, but that defendants retain the financial responsibility for warranty claims. Plaintiff finds support for its interpretation in paragraph E.6, which provides that plaintiff must "immediately report" customer complaints to defendants. Contract at ¶ E.6. Plaintiff asserts that it would be unnecessary to report the complaints to defendants if plaintiff is fully responsible for the repairs.

The Court concludes that the contract is susceptible to more than one interpretation, and that extrinsic evidence must be considered to resolve the ambiguity. As such, the Court cannot grant defendants' motion to dismiss the breach of contract claim.

**V.    FALSE REPRESENTATIONS**

Federal Rule of Civil Procedure 9(b) provides that fraud claims must be pled with particularity. To meet the heightened pleading requirements, a plaintiff must set forth the "who, what, when, where, and how" of the circumstances constituting the alleged misrepresentations. *Helleloid v. Indep. Sch. Dist. No. 361*, 149 F. Supp. 2d 863, 878 (D. Minn. 2001).

Plaintiff makes broad, conclusory allegations in its complaint that fail to satisfy the heightened pleading requirements of Rule 9(b). For example, plaintiff alleges that defendants made false representations about the suitability of their products for use in Brazil, but plaintiff fails to specify which agent of defendants made the representations,

and does not set forth the time, place, or circumstances of the representations. Accordingly, the Court dismisses without prejudice the intentional and negligent misrepresentations claims. Within 30 days of the date of this Order, plaintiff may seek to amend its Complaint to comply with the requirements of the Rule 9(b).

### VI. PROMISSORY ESTOPPEL AND UNJUST ENRICHMENT

Plaintiff asserts a claim of promissory estoppel based on defendants' alleged misrepresentations, and argues that defendants would be unjustly enriched if permitted to receive the benefits of the repairs without paying for them. Defendants' obligations under the contract cannot form the basis for plaintiff's claims of promissory estoppel and unjust enrichment. *See Banbury v. Omnitrition Int'l Inc.*, 533 N.W.2d 876, 881 (Minn. Ct. App. 1995) (explaining that claims of equitable relief have no application where a valid contract exists). However, defendants' alleged misrepresentations made after the parties entered the contract might have formed a basis for equitable relief, separate from the contract. Accordingly, the Court denies defendants' motion to dismiss plaintiff's claims for equitable relief.

### VII. NEGLIGENCE

Defendants argue that Praktika's claim for negligence is barred by the Economic Loss Doctrine. Under the Economic Loss Doctrine, a merchant is barred from recovering "[e]conomic loss that arises from a sale of goods . . . that is not due to damage to tangible property other than the goods sold." Minn. Stat. § 604.10(b). Plaintiff is a merchant but

asserts that its negligence claim is not barred because there is "damage to tangible property other than the goods sold." Plaintiff explains that it rebuilds the defective windows with local wood products, and argues that the damage to tangible other property includes costs incurred in hiring workers, making new parts, providing new materials, and lost business. The Court concludes that the damage articulated by plaintiff is consequential economic loss that arises directly from the product itself, and is therefore barred by the Economic Loss Doctrine. *See Minn. Forest Prods. v. Ligna Mach.*, 17 F. Supp. 2d 892, 907, n.9 (D. Minn. 1998). Accordingly, defendants' motion to dismiss the negligence claim is granted.

## VIII.   DECLARATORY JUDGMENT

Plaintiff seeks declaratory judgment that defendants are responsible for the repairs under Minnesota's Declaratory Judgment Act. The Act provides, "Any person interested under a . . . written contract . . . may have determined any question of construction or validity . . . and obtain a declaration of rights, status, or other legal relations thereunder." Minn. Stat. § 555.02. Defendants reiterate their argument that the contract unambiguously provides that plaintiff must bear the costs of the repairs, and argue that plaintiff is therefore not entitled to declaratory judgment. As explained above, the Court concludes that consideration of extrinsic evidence is necessary to interpret the contract. The Court must therefore deny defendants' motion to dismiss the claim for declaratory judgment.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that defendants' motion to dismiss [Docket No. 4] is **DENIED in part** and **GRANTED in part** as follows:

1. The motion is **GRANTED** as to plaintiff's claim of negligence (Seventh Cause of Action in the Complaint). This claim is **DISMISSED with prejudice.**

2. The motion is **GRANTED** as to plaintiff's claims of intentional and negligent misrepresentation (Third and Fourth Causes of Action in the Complaint). These claims are **DISMISSED without prejudice.** Plaintiff may seek leave to file an amended complaint within 30 days of the date of this Order.

3. The motion is **DENIED** in all other respects.


DATED:   September 26, 2006                s/ John R. Tunheim            _
at Minneapolis, Minnesota.                      JOHN R. TUNHEIM
                                         United States District Judge