UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| PRAKTIKA DESIGN & PROJECTOS LTDA., | Civil No. 06-957 (JRT/RLE) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ON DEFENDANTS' SECOND MOTION TO DISMISS** |
| MARVIN LUMBER AND CEDAR COMPANY, d/b/a Marvin Windows And Doors, and MARVIN WINDOWS OF TENNESSEE, INC., | |
| Defendants. | |

Joan M. Quade and Karen K. Kurth, **BARNA GUZY & STEFFEN**, 200 Coon Rapids Boulevard, Suite 400, Coon Rapids, MN 55433-5894, for plaintiff.

Thomas H. Boyd and Michael E. Obermueller, **WINTHROP & WEINSTINE**, 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402-4629, for defendants.

Plaintiff Praktika Design & Projectos Ltda. is a Brazilian business entity engaged in the business of selling, installing, and repairing window and door products in Brazil. Marvin Lumber and Cedar Company and Marvin Windows of Tennessee (collectively "defendants") manufacture and sell a wide range of window and door products. Plaintiff entered into a contract with defendants whereby plaintiff sold, installed, and repaired defendants' products in Brazil. Plaintiff filed this lawsuit against defendants, seeking damages related to costs that plaintiff incurred in making repairs to defendants' products.

This matter is currently before the Court on defendants' second motion to dismiss. For the reasons explained below, the Court grants in part and denies in part defendants' motion. The motion is granted with respect to the false representation claims but is denied as to the breach of contract claim.

**BACKGROUND**

In April 1996, defendants entered into a contract with plaintiff. Under this contract, plaintiff sold, installed, and repaired Marvin windows and doors to homeowners in Brazil from April 1996 through 2005. In 2002, plaintiff began receiving complaints from its customers about rotten wood on Marvin windows and doors. In 2003, plaintiff began fixing the reported problems. Plaintiff collected documentation related to the problems and discussed the problem with defendants. Plaintiff alleges that defendants repeatedly promised to cover the costs of the repairs. The parties dispute which party is responsible for the repairs under the contract.

On March 3, 2006, plaintiff commenced this action against defendants seeking damages related to costs incurred in making repairs, and seeking to recover future repair and replacement costs. In an order dated September 26, 2006, the Court granted in part defendants' motion to dismiss. The Court held that the Economic Loss Doctrine barred plaintiff's negligence claim. The Court further held that plaintiff's false representation claims were not pleaded with sufficient particularity, and gave plaintiff 30 days from the date of the Order to seek to amend its Complaint. Plaintiff thereafter filed a motion to amend its Complaint, which was granted in part on November 13, 2006. The Amended

Complaint omits the previously dismissed negligence claims and includes more specificity on the false representation claims.  On November 22, 2006, defendants filed a second motion to dismiss.

**ANALYSIS**

**I.  STANDARD OF REVIEW**

In reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true, and construes the pleadings in a light most favorable to plaintiff, as the non-moving party.  *See, e.g.*, *Bhd. of Maint. of Way Employees v. Burlington N. Santa Fe R.R.*, 270 F.3d 637, 638 (8th Cir. 2001).  A motion to dismiss a complaint should not be granted unless it appears beyond a doubt that plaintiff can prove no set of facts that would entitle plaintiff to relief.  *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994).

**II.  BREACH OF CONTRACT**

Defendants argue that plaintiff's breach of contract claims are barred by the 4-year statute of limitations in Minn. Stat. § 336.2-725.  Section 336.2-725(1) provides that an "action for breach of any contract for sale must be commenced within four years after the cause of action has accrued."  Minn. Stat. § 336.2-725(1).  In its Order on defendants' first motion to dismiss, the Court held that the statute of limitations in Minn. Stat. § 336.2-725 applies to plaintiff's breach of contract claims.

The Court also held that there is a warranty at issue that explicitly extends to future performance of goods.  Section 336.2-725(2) provides that a "breach of warranty

occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." *Id.* at § 336.2-725(2). As such, the cause of action could accrue when the "breach is or should have been discovered," *id.*, but the Court concluded that the record must be developed before the Court can determine when the statute of limitations began to run. Specifically, the Court held that there is a fact dispute as to when plaintiff discovered the alleged breach and whether the goods were defective upon tender.

Defendants acknowledge that the Court already determined that there is a fact issue on when the statute of limitations began on the breach of warranty claims, but argues that the Court did not explicitly address the "separate" breach of contract claims. (Defs.' Reply Mem. at 6.) For defendants to succeed in this argument, plaintiff's breach of contract claims must be construed narrowly to exclude any warranty claims. Plaintiff argues that it pled its breach of contract claims broadly enough to encompass warranty claims.

The Court concludes that plaintiff should have the opportunity to develop their breach of contract claims. This case is in its early stages, and it would be premature for the Court at this time to restrict plaintiff's claims in the way suggested by defendants. The Court therefore denies without prejudice defendants' motion to dismiss on this basis.

### III.  FALSE REPRESENTATIONS

Defendants next argue that the Economic Loss Doctrine bars plaintiff's false representation claims. Minn. Stat. § 604.10(b) partially codifies the common law Economic Loss Doctrine. The statute states that a merchant is barred from recovering "Economic loss that arises from a sale of goods . . . that is not due to damage to tangible property other than the goods sold." Minn. Stat. § 604.10(b). The statute further states, "This section shall not be interpreted to bar tort causes of action based upon fraud or fraudulent or intentional misrepresentation or limit remedies for those actions." Minn. Stat. § 604.10(e).

Plaintiff argues that the false representation claims are not barred because of the exception listed in Minn. Stat. § 604.10(e). Defendants argue that Minn. Stat. § 604.10 does not apply in this case and that the Court should instead apply the common law version of the Economic Loss Doctrine. The common law version allows false representation claims only if the alleged misrepresentation is outside of or collateral to the contract. *AKA Distrib. Co. v. Whirlpool Corp.*, 137 F.3d 1083, 1086 (8th Cir. 1998) ("A fraud claim independent of the contract is actionable, but it must be based upon a misrepresentation that was outside of or collateral to the contract, such as many claims of fraudulent inducement.").

The alleged misrepresentations by defendants are not separate from the underlying contract claims because both pertain to the quality of the goods sold and whether plaintiff must be reimbursed for the cost of repairs. If the common law version of the Doctrine applies, then plaintiff's misrepresentation claims are barred. If the statutory version

applies, the misrepresentation claims fit within the exception in Minn. Stat. §604.10(e) and the claims are not barred. Thus, the key question is whether the common law or statutory version applies.

The statutory version is limited to contracts for sales of goods. *AKA Distrib. Co.*, 137 F.3d at 1086 n.3. In *AKA Distributing Company*, the Eighth Circuit distinguished between contracts for the sales of goods, and a "different type of Article 2 contract." *Id.* The Eighth Circuit determined that the contract at issue in that case was a distributor contract that involved both services and the sale of goods. *Id.* at 1085. Here, the contract also goes beyond the sale of goods because plaintiff contracted to install and repair windows. Plaintiff offers no meaningful distinction between the contract at issue in *AKA Distributing Company* and the contract at issue here. As such, the Court concludes that *AKA Distributing Company* controls. *See Marvin Lumber & Cedar Co. v. Ppg Indus.*, 223 F.3d 873, 886 (8th Cir. 2000). The Court therefore applies the common law version of the doctrine, and concludes that plaintiff's claims for false representation are barred because they are not outside of or collateral to the contract. *See AKA Distrib. Co.*, 137 F.3d at 1086. Thus, the Court grants defendants' motion to dismiss the false representation claims.[1]

---

[1] Because the Court concludes that the Economic Loss Doctrine bars the false representation claims, the Court need not address defendants' arguments that the false representations claims must be dismissed because the alleged misrepresentations either constitute statements of opinion or classic sales puffery or fail to establish a representation of past or existing fact.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that defendants' second motion to dismiss [Docket No. 39] is **DENIED IN PART** and **GRANTED IN PART** as follows:

1. Defendants' motion to dismiss is **DENIED** as to plaintiff's claim of breach of contract (First Cause of Action in the Amended Complaint).

2. Defendants' motion to dismiss is **GRANTED** as to plaintiff's claims of intentional and negligent misrepresentation (Third and Fourth Causes of Action in the Amended Complaint). These claims are **DISMISSED with prejudice.**

DATED:   May 30, 2007                          s/ John R. Tunheim
at Minneapolis, Minnesota.                   JOHN R. TUNHEIM
                                              United States District Judge